REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Molly T. Zapala (SBN 245985)
   Email:  mzapala@reedsmith.com
2  Stella Y. Kim (SBN 256774)
   Email:  skim@reedsmith.com
3  Shaudee Navid (SBN 283020)
   Email:  snavid@reedsmith.com
4  REED SMITH LLP
   101 Second Street, Suite 1800
5  San Francisco, CA  94105-3659
   Telephone: +1 415 543 8700
6  Facsimile: +1 415 391 8269

7  Attorneys for Defendants
   Bank of America, N.A.; Mortgage Electronic
8  Registration Systems, Inc.; and The Bank of
   New York Mellon f/k/a The Bank of New York
9  as Trustee for the Alternative Loan Trust 2005-
   72, Mortgage Pass-Through Certificates, Series
10  2005-72

11                 UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14

15  PATRICK NATIVIDAD,                    Case No. 3:14-CV-00215-MMC

16                  Plaintiff,            **DEFENDANTS' NOTICE OF MOTION
                                          AND MOTION TO DISMISS PLAINTIFF'S
17        vs.                             COMPLAINT; MEMORANDUM OF
                                          POINTS AND AUTHORITIES IN
18  BANK OF AMERICA, N.A., MORTGAGE       SUPPORT THEREOF**
    ELECTRONIC REGISTRATION SYSTEMS,
19  INC. and THE BANK OF NEW YORK         Fed. R. Civ. Proc. 12(b)(6)
    MELLON f/k/a THE BANK OF NEW YORK as
20  Trustee for the ALTERNATIVE LOAN TRUST  Date:         March 14, 2014
    2005-72, MORTGAGE PASS-THROUGH        Time:         9:00 a.m.
21  CERTIFICATES, SERIES 2005-72,         Place:        Courtroom 7
                                          Compl. Filed: January 14, 2014
22                  Defendants.
                                          *[Filed concurrently with Defendants' Request
23                                        for Judicial Notice and [Proposed] Order and
                                          Judgment]*
24
                                          Judge Maxine M. Chesney
25

26

27

28

Case No. 3:14-CV-00215-MMC

**TO PLAINTIFF AND HIS ATTORNEY OF RECORD**

**PLEASE TAKE NOTICE** that on March 14, 2014, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 7 of the U.S. District Court, Northern District of California, Oakland Division, located at Ronald V. Dellums Federal Building, 1301 Clay Street, Oakland, CA 94612, Defendants  Bank of America, N.A.; Mortgage Electronic Registration Systems, Inc.; and The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Alternative Loan Trust 2005-72, Mortgage Pass-Through Certificates, Series 2005-72 (collectively, "Defendants") will and hereby do move for an order dismissing each of the claims asserted against Defendants in the Complaint of Patrick Natividad ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is based on this Notice, the Memorandum of Points and Authorities supporting this motion, Plaintiff's Complaint and the pleadings on file with the Court, all matters of which this Court may property take judicial notice, and any other evidence or oral argument that the Court may permit.

DATED:  February 6, 2014          REED SMITH LLP


By:  _____/s/ Shaudee Navid_____
Shaudee Navid (SBN 283020)
Attorneys for Defendants
Bank of America, N.A.; Mortgage Electronic
Registration Systems, Inc.; and The Bank of New
York Mellon f/k/a The Bank of New
York as Trustee for the Alternative Loan Trust 2005-72,
Mortgage Pass-Through Certificates, Series 2005-72

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

# TABLE OF CONTENTS

2
**Page**

3  I.  INTRODUCTION ........................................................................................ 1

4  II .  FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY ............................................. 2

5  III.  LEGAL STANDARD........................................................................................ 3

6  IV .  LEGAL ARGUMENT........................................................................................ 4

7      A.  Plaintiff Fails To State A Claim For Wrongful Foreclosure...................................... 4

8          1.  Plaintiff Fails To Allege A Credible Tender............................... 5

9          2.  Plaintiff Lacks Standing To Challenge The Foreclosure
10              Proceedings ........................................................................ 6

        3.  Judicially Noticeable Documents Establish Defendants' Authority
11              To Foreclose...................................................................... 6

12         4.  Plaintiff's Securitization Arguments Fail ................................. 7

13         5.  Plaintiff Fails To Allege Prejudice ....................................... 10

14     B.  Plaintiff's Quiet Title Claim Fails For Lack Of Tender ...................................... 10

15     C.  Plaintiff Fails To State A Claim For Violation Of California Civil Code
16         Section 2934a.(a)(1)(A) ................................................................. 11

    D.  Plaintiff Fails To State A Claim For Unjust Enrichment...................................... 12
17
    E.  Plaintiff Does Not Allege The Need For An Accounting........................................ 13
18
    F.  Plaintiff Fails To State A Claim For Violation Of Business And
19         Professions Code Section 17200 *et seq*. ................................................... 14

20         1.  Plaintiff Lacks Standing To Assert A UCL Claim ...................... 15

21         2.  Plaintiff Does Not Allege Any Wrongful Conduct By Defendants............... 15

22 V .  CONCLUSION........................................................................................ 17

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

**TABLE OF AUTHORITIES**

2                                                                                   **Page**

3  **Cases**

4  *Abdallah v. United Sav. Bank*,
     43 Cal. App. 4th 1101 (1996) ................................................................ 5

5  *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*,
     988 F.2d 1157 (Fed. Cir. 1993) ............................................................. 4

6  *Aguilar v. Bocci*,
7     39 Cal.App.3d 475 (1974) ..................................................................... 11

   *Alicea v. GE Money Bank*,
8     2009 WL 2136969 (N.D. Cal. 2009) ..................................................... 5

9  *Anderson v. Angelone*,
     86 F.3d 932 (9th Cir. 1996) ................................................................... 4

10 *Arnolds Mgmt. Corp. v. Eischen*,
     158 Cal. App. 3d 575 (1984) ................................................................. 5
11
   *Ashcroft v. Iqbal*,
12    129 S. Ct. 1937 (2009) ........................................................................... 4

13 *Bascos v. Fed. Home Loan Mortg. Corp.*,
     No. CV 11-39680-JFW (JCx), 2011 WL 3157063 (C.D. Cal. July 22, 2011) ......... 9

14 *Batt v. City & Council of San Francisco*,
     155 Cal. App. 4th 65 (2007) .................................................................. 13
15
   *Bell Atlantic Corp. v. Twombly*,
16    550 U.S. 544 (2007) ............................................................................... 4

   *Branch v. Tunnell*,
17    14 F.3d 449(9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*,
      307 F.3d 1119 (9th Cir. 2002) ............................................................... 4

18 *Calderon v. Bank of America, N.A.*,
     2013 WL 1741951 (W.D. Tex. Apr. 13, 2013) ..................................... 9
19
   *Cervantes v. Countrywide Home Loans*,
20    656 F.3d 1034 (9th Cir. 2011) ............................................................... 7

21 *Chabner v. United Omaha Life Ins. Co.*,
     225 F.3d 1042 (9th Cir. 2000) ............................................................... 15

22 *Chua v. IB Prop. Holdings, LLC*,
     2011 WL 3322884 (C.D. Cal. Aug. 1, 2011) ........................................ 7
23
   *Clegg v. Cult Awareness Network*,
24    18 F.3d 752 (9th Cir. 1994) ................................................................... 4

   *Commonwealth Prop. Advocates, LLC v. First Horizon Home Loan Corp.*,
25    No. 10–CV–375, 2010 WL 4788209 (D. Utah Nov. 16, 2010) ............... 9

26 *Deutsche Bank Nat'l Trust Co. v. Adolfo*,
     2013 WL 4552407 (N.D. Ill. August 28,2013) ..................................... 9

27 *Dimock v. Emerald Properties, LLC*,
     81 Cal. App. 4th 868 (2000) ................................................................. 11
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Dinosaur Development, Inc. v. White*,
   216 Cal. App. 3d 1310 (1989) ................................................................... 12

*Dumas v. Kipp*,
   90 F.3d 386 (9th Cir. 1996) ........................................................................ 4

*Glaski v. Bank of America, N.A., et al.*
   218 Cal. App. 4th 1079 (2013) ............................................................... 8, 9

*Glue-Fold, Inc. v. Slautterback Corp.*,
   82 Cal. App. 4th 1018 (2000) ................................................................... 13

*Gomes v. Countrywide Home Loans, Inc.*,
   192 Cal. App. 4th 1149 (2011) ................................................................... 6

*Hafiz v. Greenpoint Mortg. Funding, Inc.*,
   652 F. Supp. 2d 1039 (N.D. Cal. 2009) ...................................................... 9

*Ileto v. Glock Inc.*,
   349 F.3d 1191 (9th Cir. 2003) .................................................................... 4

*In re Tobacco II Cases*,
   46 Cal. 4th 298 (2009) .............................................................................. 15

*Jenkins v. JP Morgan Chase Bank, N.A.*,
   --- Cal. App. 4th ---, 2013 WL 2145098 (Cal. App. 4 Dist., May 17, 2013)................ 8

*Jenkins v. JP Mortgage Chase Bank, N.A.*,
   216 Cal.App.4th 497 (2013) .................................................................... 6, 9

*Jones v. Wells Fargo Bank*,
   112 Cal. App. 4th 1527 (2003) ................................................................. 12

*Kelley v. Mortg. Elec. Registration Sys., Inc.*,
   642 F.Supp. 2d 1048 (N.D. Cal. 2009) ..................................................... 11

*Khoury v. Maly's of Cal.*,
   14 Cal. App. 4th 612 (1993) ..................................................................... 15

*King v. Cal.*,
   784 F.2d 910 (9th Cir. 1986) ...................................................................... 4

*Knapp v. Doherty*,
   supra,123 Cal.App.4th at p. 96 ................................................................ 10

*Lane v. Vitek Real Estate Indus. Grp.*,
   713 F. Supp. 2d 1092 (E.D. Cal. 2010) ...................................................... 9

*Lazar v. Hertz Corp.*,
   69 Cal. App. 4th 1494 (1999) ................................................................... 15

*McGlinchy v. Shell Chem. Co.*,
   845 F.2d 802 (9th Cir. 1988) ...................................................................... 4

*Melchior v. New Line Productions, Inc.*,
   106 Cal. App. 4th 779 (2003) ................................................................... 12

*Miller v. Provost*,
   26 Cal. App. 4th 1703 (1994) ................................................................... 10

*Moeller v. Lien*,
   25 Cal. App. 4th 822 (1994) ...................................................................... 6

*Navarro v. Block*,
   250 F. 3d 729 (9th Cir. 2001) .................................................................... 3

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Neitzke v. Williams*,
490 U.S. 319 (1989).................................................................................................... 3

*Nguyen v. Calhoun*,
105 Cal. App. 4th 428 (2003) ................................................................................... 11

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
231 Cal. App. 3d 1089 (1991) .................................................................................. 14

*Oaks Mgmt. Corp. v. Superior Court*,
145 Cal. App. 4th 453 (2007) ................................................................................... 14

*Otworth v. S. Pac. Transp. Co.*,
166 Cal. App. 3d 452 (1985) .................................................................................... 12

*R&B Auto Ctr., Inc. v. Farmers Group, Inc.*,
140 Cal. App. 4th 327 (2006) ................................................................................... 15

*Reyes v. GMAC Mortg.* LLC, No. 11–0100,
2011 WL 1322775 (D. Nev. Apr. 5, 2011) ................................................................ 9

*Robertson v. Dean Witter Reynolds, Inc.*,
749 F.2d 530 (9th Cir. 1984) ...................................................................................... 4

*Robinson v. Countrywide Home Loans, Inc.*,
199 Cal. App. 4th 42 (2011) ....................................................................................... 6

*Schwartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ...................................................................................... 4

*Scripps Clinic v. Super. Ct.*,
108 Cal. App. 4th 917 (2003) ................................................................................... 15

*Shepherd v. Am. Home Mortg. Servs., Inc.*,
2009 WL 4505925 (E.D. Cal. 2009)......................................................................... 14

*Siliga v. Mortgage Electronic Registration Systems, Inc.*,
219 Cal.App.4th 75 (2013) ......................................................................................... 6

*Teselle v. McLoughlin*,
173 Cal. App. 4th 156 (2009) ................................................................................... 13

*Wallace v. Mortg. Elec. Registration Sys.*,
No. 11–8039, 2012 WL 94485 (C.D.Cal.  2012)...................................................... 16

**Statutes**

Cal. Bus. & Prof. Code § 17200 ............................................................................... 14

Cal. Bus. & Prof. Code § 17204 ............................................................................... 15

Cal. Civ. Code § 1095 ............................................................................................... 16

Cal. Civ. Code § 1709 ............................................................................................... 16

Cal. Civ. Code § 1710 ............................................................................................... 16

Cal. Civ. Code § 2924 ........................................................................................... 6, 16

Cal. Civ. Code § 2924(a)(1)......................................................................................... 7

Cal. Civ. Code § 2924(a)(6)......................................................................................... 7

Cal. Civ. Code §§ 2924-2924i ..................................................................................... 6

Cal. Civ. Code §§ 2924-2924k ..................................................................................... 6

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Cal. Civ. Code § 2934a.(a)(1)(A) ............................................................................ 11, 12, 16

Cal. Penal Code § 115 ................................................................................................. 16

Cal. Penal Code § 684 ................................................................................................. 16

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 3

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

More than *seven* years after executing a note and deed of trust securing the underlying property and after defaulting on his mortgage payments, Plaintiff Patrick Natividad ("Plaintiff") files this meritless Complaint against Defendants[1] in an improper attempt to stall foreclosure proceedings and obtain title to the Property free and clear.  Plaintiff's entire Complaint is premised on the erroneous contention that there have been procedural irregularities with his loan and the loan-related documents.  Specifically, Plaintiff alleges that MERS, the beneficiary under the Deed of Trust, had no authority to execute an Assignment of Deed of Trust to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP ("BACHLS") in April 2011.[2]  In an attempt to defend this meritless position, Plaintiff makes the convoluted –and unsubstantiated argument –that in November 2005, MERS purportedly sold  the loan to the CWALT 2005-72 Trust for which Defendant BNYM allegedly serves as trustee.  Plaintiff further alleges that since the loan had already been sold to BNYM, MERS did not have the authority to execute the April 2011 Assignment, and all of the subsequent foreclosure documents are invalid.[3]  However, Plaintiff's allegations are unsupported and are directly contradicted by the public records pertaining to the property at issue.

Plaintiff fails entirely to provide any factual support that his specific loan was indeed transferred to this alleged "Alternative Loan Trust" in 2005.  He merely cites to a Prospectus Supplement and a Pooling and Servicing Agreement, then directs this Court to review its contents on a website.  However, a review of the Prospectus Supplement and Pooling and Servicing Agreement provides no confirmation that the loan was ever assigned to this particular trust pool as Plaintiff

---

[1] Bank of America, N.A. ("BANA"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Alternative Loan Trust 2005-72, Mortgage Pass-Through Certificates, Series 2005-72 ("BNYM")  (collectively, "Defendants").

[2] Defendant Bank of America, N.A.  is successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP.

[3] Though Plaintiff brings this action against "The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Alternative Loan Trust 2005-72, Mortgage Pass-Through Certificates, Series 2005-72," he fails to allege how BNYM has any connection to his loan or the Deed of Trust.  As explained in this Motion, Plaintiff claims that the loan was sold to BNYM, but does not provide any additional facts to support this conclusion.  As such, Defendants argue the BNYM was improperly added as a defendant and should be dismissed from this action.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    claims.  To the contrary, the publically recorded –and judicially noticeable –documents reflect that

2    MERS, the beneficiary under the Deed of Trust, assigned its beneficial interest to BACHLS in April

3    2011.   Foreclosure was then was properly initiated after Plaintiff defaulted on his modified

4    payments.   Plaintiff does not deny being in default on his mortgage payments, and he does not

5    challenge the recording of the Notice of Default or the stated amount of arrears.  Accordingly,

6    Defendants properly complied with California's non-judicial foreclosure scheme.  Plaintiff's claims

7    further fail for the following reasons:

8    • Plaintiff's claim for wrongful foreclosure fails because Plaintiff fails to allege tender,
           Plaintiff lacks standing to challenge foreclosure, and Defendants were authorized to
9           initiate foreclosure proceedings;
     • Plaintiff's claim for quiet title fails because Plaintiff fails to allege a credible tender of the
10          amount owed;
     • Plaintiff's claim for violation of California Civil Code section 2934a(1)(A) fails because
11          BANA properly executed the Substitution of Trustee;
     • Plaintiff cannot state a claim under Business and Professions Code section 17200, as he
12          lacks standing and does not allege any wrongful conduct by Defendants;
     • Plaintiff's claim for unjust enrichment fails because he does not allege facts showing that
13          Defendants received anything more than what it was entitled to; and
     • Plaintiff's claim for accounting fails because he does not allege any facts showing that
14          Defendants owe him any money.
15

16       Plaintiff's Complaint fails to state a single cause of action against Defendants.  Therefore,

17   Defendants respectfully request the Court grant Defendants' Motion to Dismiss without leave to

18   amend and dismiss the action with prejudice.

19            **II.       FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

20       On or about April 25, 2005, Plaintiff obtained a $777,000.00 loan from Countrywide Bank.

21   *See* Defendants' Request for Judicial Notice ("RJN"), Exh. A (Deed of Trust).  The loan was secured

22   by a Deed of Trust ("DOT") on real property located at 1127 Donahue Drive, Pleasanton, California

23   94566 (the "Property").  *Id*.  The DOT names Countrywide as the lender, CTC Real Estate Services

24   as the Trustee, and MERS as the beneficiary.  *Id*.

25       In his Complaint, Plaintiff alleges that "on or before November 30, 2005, Plaintiff's

26   mortgage loan was sold to the CWALT 2005-72 Trust for which Defendant BNYM serves as

27   trustee."  Compl., ¶ 16.  Plaintiff does not attach any exhibits to support this claim.

28

1   On April 8, 2011, MERS executed an Assignment of Deed of Trust ("ADOT") to BAC

2 Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP ("BACHLS").  *See* RJN,

3 Exh. B (Assignment of Deed of Trust).  Shortly thereafter, on November 15, 2011, Bank of America,

4 N.A. ("BANA"), as successor by merger to BACHLS, executed a Substitution of Trustee ("SOT"),

5 naming ReconTrust Company, N.A. ("ReconTrust") as Trustee.  *See* RJN, Exh. C (Substitution of

6 Trustee).

7   On November 15, 2011, ReconTrust, acting as an agent for the beneficiary, executed a

8 Notice of Default ("NOD"), indicating that Plaintiff was $164,247.63 in arrears.  *See* RJN, Exh. D

9 (Notice of Default).  Plaintiff does not claim anywhere in his Complaint that he has not defaulted on

10 his mortgage payments.  Plaintiff also does not challenge the amount of arrears indicated on the

11 Notice of Default.  *Id.*  Plaintiff failed to cure his default and on February 24, 2012, ReconTrust, as

12 Trustee, executed a Notice of Trustee's Sale, indicating that the total amount of unpaid balance plus

13 interest was $967,815.65.  *See* RJN, Exh. E (Notice of Trustee's Sale).  ReconTrust executed two

14 subsequent Notices of Trustee's Sale on September 20, 2013 and December 24, 2013, respectively.

15 *See* RJN, Exh. F, G.  Plaintiff does not allege that the Property has been sold.

16   Plaintiff filed his Complaint on January 14, 2014.  Plaintiff's Complaint is primarily based on

17 his contention that Defendants lacked the authority to initiate foreclosure proceedings because the

18 Deed of Trust was improperly assigned.  Without providing any factual support, Plaintiff claims that

19 since MERS did not purportedly have the authority to execute the Assignment of Deed of Trust due

20 to the alleged prior transfer of the loan to BNYM, all of the subsequent recorded foreclosure

21 documents, such as the Substitution of Trustee, Notice of Default, and Notices of Trustee's Sales are

22 invalid.  *See* Compl., ¶ 39.  As explained below, none of Plaintiff's allegations state a viable cause of

23 action against Defendants.

24   ### III.   LEGAL STANDARD

25    A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of

26 the complaint.  *Navarro v. Block*, 250 F. 3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under

27 Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable

28 legal theory yet fails to plead essential facts to support that theory.  *Neitzke v. Williams*, 490 U.S.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

319, 326 (1989); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984). Time barred claims and remedies are also properly disposed of on a motion to dismiss.  *See King v. Cal.,* 784 F.2d 910, 913-15 (9th Cir. 1986).  The purpose of a Rule 12(b)(6) motion to dismiss is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).  Indeed, the Supreme Court recently confirmed the requirement that pleadings must contain more than labels and unsupported conclusions, and emphasized that conclusory allegations are not entitled to be assumed true.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  In testing the complaint's legal adequacy, the court may consider material properly submitted as part of the complaint or subject to judicial notice.  *Schwartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir. 2007).

In general, the court may not consider materials other than the facts alleged in the complaint when ruling on a motion to dismiss. *Anderson v. Angelone,* 86 F.3d 932, 934 (9th Cir. 1996).  The court may, however, consider additional materials if the plaintiff has alleged their existence in the complaint and if their authenticity is not disputed.  *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  When it would be futile to amend the complaint's deficiencies, dismissal may be ordered with prejudice.  *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir. 1996).

## IV.    LEGAL ARGUMENT

### A.    Plaintiff Fails To State A Claim For Wrongful Foreclosure

In his first cause of action for wrongful foreclosure, Plaintiff alleges that BANA has no interest in the loan because it was unlawfully and improperly securitized.  Specifically, Plaintiff cites

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

to a Prospectus Supplement and Pooling and Servicing Agreement to arbitrarily argue that his loan was sold in November 2005 "to the CWALT 2005-72 Trust for which BNYM serves as trustee." Compl., ¶ 16.  Based on this contention, Plaintiff alleges that the purported 2005 transaction extinguished any interest in the loan held by MERS, and therefore, MERS lacked the authority to execute an assignment of the Deed of Trust to BACHLS in April 2011.  *See* Compl., ¶ 34, 39. Plaintiff further alleges that because the 2011 Assignment is allegedly "fraudulent, null and void," the Substitution of Trustee, Notice of Default, and Notices of Trustee's Sales "are likewise null and void." Compl., ¶ 39.  However, Plaintiff's attempt to invalidate the Assignment fails because: (1) Plaintiff fails to allege tender; (2) Plaintiff lacks standing to challenge the foreclosure proceedings; (3) the judicially noticeable foreclosure documents establish that foreclosure was conducted properly; (4) securitization does not affect Defendants' interests in the Property; and (5) Plaintiff fails to allege prejudice.

### 1.   Plaintiff Fails To Allege A Credible Tender

As an initial matter, Plaintiff's wrongful foreclosure claim fails as a matter of law because he does not allege a credible tender.  "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." *Alicea v. GE Money Bank*, 2009 WL 2136969, at *3 (N.D. Cal. 2009) (citing California law).  This requirement applies to "any cause of action for irregularity in the sale procedure." *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996).  The tender requirement also applies to any claim "implicitly integrated" with the foreclosure sale. *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 579 (1984).  "To hold otherwise would permit plaintiffs to state a cause of action without the necessary element of damage to themselves." *Id.* at 580.

Here, Plaintiff only offers the unsupported legal conclusion that "Plaintiff is not required to tender any outstanding mortgage debt because the Defendants seeking to collect the debt are without standing to do so." Compl., ¶ 48.  To the contrary, as stated above, the tender requirement applies to any claim "implicitly integrated" with the foreclosure sale. *See Arnolds Mgmt. Corp.*, 158 Cal. App. 3d at 579.  Since Plaintiff's first cause of action is premised entirely on the foreclosure proceedings,

1   a credible tender is required.  Thus, the Motion to Dismiss should be granted for this reason alone.

2       **2.   Plaintiff Lacks Standing To Challenge The Foreclosure Proceedings**

3       Plaintiff's claim also fails because a borrower cannot bring a speculative request to determine if

4   foreclosure was proper.  *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149 (2011)

5   (California's non-judicial foreclosure scheme, Civil Code sections 2924-2924k, does not "provide for a

6   judicial action to determine whether the person initiating the foreclosure is indeed authorized" to do so); *see*

7   *also Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 46 (2011) ("We agree with the

8   *Gomes* court that the statutory scheme (§§ 2924–2924k) does not provide for a preemptive suit challenging

9   standing.  Consequently, plaintiffs' claims for damages for wrongful initiation of foreclosure and for

10  declaratory relief based on plaintiffs' interpretation of section 2924, subdivision (a), do not state a cause of

11  action as a matter of law.").  In *Gomes*, a defaulting borrower sought declaratory relief from the court as to

12  whether MERS, the nominee beneficiary under his deed of trust, was entitled to foreclose.  *Id*. at 1151-52.

13  The court held that California's exhaustive nonjudicial foreclosure scheme, Civil Code Sections 2924-

14  2924i, does not "provide for a judicial action to determine whether the person initiating the foreclosure is

15  indeed authorized" to do so.  *Id*. at 1155.  In addition, the court held that the borrower expressly gave the

16  defendants the authority to foreclose in the deed of trust, and thus was prohibited from challenging

17  foreclosure on that basis as well.  *Id*. at 1157-58; *see also Siliga v. Mortgage Electronic Registration*

18  *Systems, Inc.*, 219 Cal.App.4th 75, 82 (2013) ("California courts have refused to allow trustors to delay the

19  nonjudicial foreclosure process by pursuing preemptive judicial actions challenging the authority of a

20  foreclosing 'beneficiary' or beneficiary's 'agent'.");  *Jenkins*, 216 Cal.App.4th at 511 (same).   Here,

21  Plaintiff's Deed of Trust contains a similar provision and he generally seeks, through judicial action,

22  a determination on whether Defendants have authority to initiate foreclosure.  *See* RJN, Exh. A, p. 3.

23  Since *Gomes* prevents such speculative requests, Plaintiff's claims are improper.

24      **3.   Judicially Noticeable Documents Establish Defendants' Authority To Foreclose**

25      The publicly recorded loan documents referred to in the Complaint clearly show that

26  Defendants were entitled to foreclose under Civil Code section 2924.  *See Moeller v. Lien*, 25 Cal.

27  App. 4th 822, 834 (1994) ("The comprehensive statutory framework established to govern

28  nonjudicial foreclosure sales is intended to be Exhaustive.")  Under the governing statute, if a deed

Case No. 3:14-CV-00215-MMC        – 6 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

of trust contains an express provision granting a power of sale, a "***trustee, mortgagee, or beneficiary or any of their authorized agents***" may institute the foreclosure process.  Cal. Civ. Code § 2924(a)(1) (emph. added).  California law also provides that "a ***designated agent*** of the holder of the beneficial interest" is authorized to initiate the foreclosure process.  *Id.* § 2924(a)(6) (emph. added).

Here, the Deed of Trust identifies MERS as the beneficiary and CTC Real Estate Services as Trustee.  *See* RJN, Exh. A.  On April 8, 2011, MERS executed an Assignment of Deed of Trust to BACHLS.  *See* RJN, Exh. B.  Then, on November 15, 2011, BANA, as successor by merger to BACHLS, substituted ReconTrust as Trustee under the Deed of Trust.  *See* RJN, Exh. C.  Upon Plaintiff's default, ReconTrust, acting as an ***agent for the beneficiary*** BANA, initiated foreclosure by executing a Notice of Default on November 15, 2011.  *See* RJN, Exh. D.  After Plaintiff failed to cure his default a Notice of Trustee's Sale was executed on December 20, 2013.  *See* RJN, Exh. F.  This chain of events confirms Defendants complied with the non-judicial foreclosure laws, and the assignment to BANA was proper.  Likewise, as discussed below, Plaintiff's baseless allegation that his loan was purportedly sold to the CWALT 2005-72 Trust in November 2005 does not invalidate MERS' Assignment[4] to BANA nor render the foreclosure unlawful.

### 4.   Plaintiff's Securitization Arguments Fail

In his wrongful foreclosure claim, Plaintiff alleges that due to the securitization of the loan, the Assignment of the Deed of Trust and all subsequent foreclosure documents are invalid.  *See* Compl., ¶ 39.  Plaintiff also claims that "none of the defendants…is [a] real party in interest with standing entitled to enforce Plaintiff's mortgage loan or to collect mortgage payments from him."  *Id.*¶ 34.   In a weak and misplaced attempt to support these claims, Plaintiff cites to a Prospectus

---

[4] In another attempt to invalidate the Assignment, Plaintiff makes the vague and conclusory argument that the Assignment is signed by a "known robo-signer, Tina LeRaybaud."  Compl., ¶ 25.  Despite the unsupported claims, Tina LeRaybaud was authorized by MERS to execute the Assignment.  The Ninth Circuit recognized, "MERS relies on its members to have someone on their own staff become a MERS officer with the authority to sign documents on behalf of MERS."  *Cervantes v. Countrywide Home Loans*, 656 F.3d 1034 (9th Cir. 2011).  Plaintiff does not identify any legal authority prohibiting one individual from working for or acting as an agent for multiple companies.  *See Chua v. IB Prop. Holdings, LLC, 2011 WL 3322884, at *2* (C.D. Cal. Aug. 1, 2011)* ("[T]o the extent that Plaintiffs take issue with Lisa Markham's dual position, Plaintiffs have not identified a relevant legal authority prohibiting one individual from working for both CitiMortgage and MERS or from acting as an agent for both.")  Thus, Plaintiff's claim that the Assignment is invalid fails for this reason as well.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   Supplement and Pooling and Servicing Agreement to allege that his loan was "sold to the CWALT

2   2005-72 Trust for which Defendant BNYM serves as trustee" in November 2005.  *Id*., ¶ 16.  Plaintiff

3   then contends, based on these documents, Plaintiff's loan was part of a pool of mortgage loans

4   transferred into this Alternative Loan Trust.  Compl., ¶¶ 16–25.  Again, without providing any

5   support, Plaintiff comes to the conclusion that BNYM somehow became the "beneficiary as trustee,"

6   and therefore, MERS' Assignment of the Deed of Trust in 2011 to BAC Home Loans Servicing, LP

7   is invalid.  *Id*., ¶ 39.

8        However, Plaintiff's reliance on the Prospectus Supplement and Pooling and Servicing

9   Agreement is entirely misplaced, as both documents do not confirm that the loan was assigned to

10  this alleged trust pool.  Plaintiff himself fails to cite to any specific language which indicates that the

11  loan was sold to the CWALT 2005-72 Trust.  Instead, the publically recorded documents

12  demonstrate that the Deed of Trust was assigned to BAC Home Loans Servicing, LP on April 8,

13  2011.  *See* RJN, Exh. B.  Plaintiff argues that BNYM became trustee once the loan was sold, and

14  therefore, the Assignment was improper.  However, the very document that Plaintiff relies on states,

15  "The Bank of New York will be the Trustee <u>under the Pooling and Servicing Agreement</u>," not any

16  alleged deed of trust, and certainly not the Deed of Trust that Plaintiff executed.  Pooling and

17  Servicing Agreement, pg. 64, http://www.secinfo.com/drjtj.vw4.d.htm.  To the extent Plaintiff is

18  alleging that only BNYM could initiate foreclosure, his arguments are erroneous.  Indeed,

19  ReconTrust was substituted as trustee under the Deed of Trust on November 15, 2011.  *See* RJN,

20  Exh. C.

21       Regardless, even if Plaintiff's securitization arguments were valid –which they are not –

22  Courts have resoundingly rejected allegations that securitization changes the rights or obligations of

23  parties to a loan.  *Jenkins v. JP Morgan Chase Bank, N.A.*, --- Cal. App. 4th ---, 2013 WL 2145098,

24  *9 (Cal. App. 4 Dist., May 17, 2013).  In his Complaint, Plaintiff cites to *Glaski v. Bank of America,*

25  *N.A., et al.* [218 Cal. App. 4th 1079 (2013)] to argue that "the entity invoking the power of sale…[is] not

26  the holder of the" Deed of Trust."  Compl., ¶ 5.  Specifically, Plaintiff relies on *Glaski* to allege that "the

27  sale of the mortgage loan to a securities trust precluded the defendant from retaining a beneficial interest

28  in the deed of trust and that, consequently, the defendant is not the true beneficiary…."  *Id.*, ¶ 6.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

However, *Glaski*'s deviation from the well-settled law in California does not handcuff the Court, and does not entitle Plaintiff to a free house as Plaintiff contends it does. *See Bascos v. Fed. Home Loan Mortg. Corp.*, No. CV 11-39680-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011) ("To the extent Plaintiff challenges the securitization of his loan because Freddie Mac failed to comply with the terms of its securitization agreement, Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor [in] the loan trust."); *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("[T]he argument that parties lose their interest in a loan when it is assigned to a trust pool has . . . been rejected by many district courts."). "[S]ecuritization merely creates 'a separate contract, distinct from [p]laintiffs['] debt obligations" under the note, and does not change the relationship of the parties in any way. *Reyes v. GMAC Mortg.* LLC, No. 11–0100, 2011 WL 1322775, at *3 (D. Nev. Apr. 5, 2011) (quoting *Commonwealth Prop. Advocates, LLC v. First Horizon Home Loan Corp.*, No. 10–CV–375, 2010 WL 4788209, at *2 (D. Utah Nov. 16, 2010)); *see also Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) (assignment of promissory note to a trust pool does not deprive the beneficiary or its appointed trustee of a power of sale under the deed of trust). Indeed, courts in other jurisdictions examining similar claims under the PSA have not been persuaded by *Glaski. See, e.g., Deutsche Bank Nat'l Trust Co. v. Adolfo*, 2013 WL 4552407, *3 (N.D. Ill. August 28,2013) (*citing Calderon v. Bank of America, N.A.*, 2013 WL 1741951, *11-12 (W.D. Tex. Apr. 13, 2013).

A more instructive case to this instant matter is *Jenkins v. JP Mortgage Chase Bank*, *N.A.*, 216 Cal.App.4th 497 (2013). The *Jenkins* Court, in response to plaintiff's attempt to allege that an assignment of his loan violated the terms of the pooling and servicing agreement related to the subject loan trust [*id.* at 505], stated, in part, "even if the asserted improper securitization (or any other invalid assignments []) occurred, the relevant parties to such a transaction were the holders (transferors) of the promissory note and the third party acquirers (transferees) of the note." *Id.* at 514. The *Jenkins* Court further stated, "[a]s an unrelated third party to the alleged securitization […] [the plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement". *Id.* at 515. The Court further determined that, "***even if*** any subsequent

transfers of the promissory note ***were invalid***, [plaintiff] is not the victim of such invalid transfers because ***her obligations under the note remained unchanged***." *Id.* In other words, the *Jenkins* decision expressly undermines Plaintiffs' arguments that the alleged invalid assignment relieved them of their obligation to satisfy their loan obligations or stripped Defendants of their authority to foreclose.

The case law is clear that allegations of securitization do not change Defendants' interest in the Property, nor does it affect Plaintiff's obligations under the Deed of Trust.

### 5.       Plaintiff Fails To Allege Prejudice

Plaintiff's claim also fails because he does not, and cannot, properly allege that he was prejudiced by any alleged procedural defect in the foreclosure proceedings.  "'As a general rule, there is a common law *rebuttable* presumption that a foreclosure sale has been conducted regularly and fairly."  [Citations.]  Accordingly, "[a] successful challenge to the sale requires evidence of a failure to comply with the procedural requirements for the foreclosure sale *that caused prejudice to the person attacking the sale*."  [Citation.] . . . [T]he presumption must prevail when the record lacks substantial evidence of a *prejudicial* procedural irregularity.  [Citation.]'  [Citations.]"  *See Knapp v. Doherty*, 123 Cal.App.4th 76 at 96.  Here, Plaintiff fails to allege any prejudice as a result of the alleged assignment of the loan.  As discussed above, the purported securitization of Plaintiff's loan does not affect his obligations under the Deed of Trust.  Likewise, Plaintiff fails to allege *how* the purported  securitization of his loan prejudiced him in any way.  Accordingly, Plaintiff's first cause of action for wrongful foreclosure fails as a matter of law.

### B.    Plaintiff's Quiet Title Claim Fails For Lack Of Tender

In his second cause of action for quiet title against BANA, Plaintiff seeks to regain title to the Property.  *See* Compl., ¶ 44.  Without providing any legal basis, he alleges that "BANA has no right, title, lien, or interest in the Subject Property."  Compl., ¶ 46.  However, as a threshold matter, Plaintiff's claim for quiet tile fails because Plaintiff has not repaid the full amount due under his secured loan.

It is well-settled that a borrower may not maintain a quiet title action against a mortgagee **without first paying the outstanding debt** on which the subject mortgage is based. *Miller v.*

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   *Provost*, 26 Cal. App. 4th 1703, 1707 (1994) ("a mortgagor of real property cannot, without paying

2   his debt, quiet title against his mortgagee") (emph. added); *Kelley v. Mortg. Elec. Registration Sys.,*

3   *Inc.*, 642 F.Supp. 2d 1048, 1057 (N.D. Cal. 2009) (in order to maintain an action to quiet title,

4   plaintiff's must allege that they are "the rightful owners of the property, i.e. that they have satisfied

5   his obligations under the Deed of Trust."); *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477 (1974) (a

6   borrower cannot "quiet title without discharging his debt. The cloud upon his title persists until the

7   debt is paid."). The tender rule applies where equitable remedies are sought to invalidate secured

8   interests in a loan. *Dimock v. Emerald Properties, LLC*, 81 Cal. App. 4th 868, 878 (2000) ("This

9   requirement is based on the theory that one who is relying on equity…is able to perform her

10  obligations under the contract so that equity will not have been employed for an idle purpose.'").

11  Thus, to quiet title, tender is required: "[t]he rules which govern tenders are strict and are strictly

12  applied…" because "[a]llowing plaintiffs to recoup the property without full tender would give them

13  an inequitable windfall, allowing them to evade their lawful debt." *Nguyen v. Calhoun*, 105 Cal.

14  App. 4th 428, 439 (2003).

15      Here, Plaintiff fails to allege he paid the amount owed under his mortgage. Plaintiff does not

16  allege *any* ability to tender. Instead, without providing any legal authority, he alleges that he is "not

17  required to tender any outstanding mortgage debt" because Defendants lack the authority to

18  foreclose. *See* Compl., ¶ 48. However, as discussed above, Defendants properly initiated

19  foreclosure proceedings. *See* Section IV.A.3, *supra*. Thus, Plaintiff's claim that the Court should

20  grant him title to the Property, free and clear, fails, as Defendants had the right to foreclose upon his

21  undisputed default.

22  **C.    Plaintiff Fails To State A Claim For Violation Of California Civil Code Section**

23  **2934a.(a)(1)(A)**

24      In his third cause of action against BANA, Plaintiff alleges that BANA violated California

25  Civil Code section 2934a.(a)(1)(A) because "BANA was without the power to substitute a trustee

26  under Plaintiff's Deed of Trust." Compl., ¶ 51. Plaintiff is mistaken. Indeed, Plaintiff's allegations

27  are contradicted by the publicly recorded documents, which show that BANA, , the assigned

28  beneficiary under the DOT, had the authority to execute the Substitution of Trustee pursuant to

Case No. 3:14-CV-00215-MMC          – 11 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   Section 2934a.(a)(1)(A).

2         Section 2934a.(a)(1) states that the "[t]he trustee under a trust deed upon real property…may

3   be substituted by the recording in the county in which the property is located of a substitution

4   executed and acknowledged by: (A) all of the beneficiaries under the trust deed, or their successors

5   in interest…" Cal. Civ. Code Section 2934a.(a)(1)(A). Here, on April 8, 2011 MERS assigned its

6   beneficial interest under the Deed of Trust to BACHLS. *See* RJN, Exh. B. Then, on November 15,

7   2011, BANA, as successor by merger to BACHLS, substituted ReconTrust as the new trustee. *See*

8   RJN, Exh. C. Accordingly, BANA, as a valid beneficiary under the Deed of Trust, properly

9   executed a Substitution of Trustee pursuant to Section 2934a.(a)(1)(A).

10   **D.       Plaintiff Fails To State A Claim For Unjust Enrichment**

11         In his fifth cause of action for unjust enrichment, Plaintiff contends that "BANA and BNYM

12   claim rights to payments on Plaintiff's Loan," but "Defendants do not have rights to such payments"

13   as they are not a valid beneficiary under the Deed of Trust. Compl., ¶¶ 63, 64. Plaintiff further

14   alleges that "BANA falsely purport[ed] to be the servicer of Plaintiff's loan" and that there is "no

15   express contract between Plaintiff and Defendants governing the collection of mortgage payments

16   and foreclosure fees and expenses." *Id.*, ¶ 65.

17         As an initial matter, unjust enrichment is not an independent cause of action but "the result of

18   a failure to make restitution under circumstances where it is equitable to do so." *Melchior v. New*

19   *Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003); *Dinosaur Development, Inc. v. White*,

20   216 Cal. App. 3d 1310, 1314 (1989) ("Unjust enrichment…is synonymous with restitution"). The

21   Motion to Dismiss should be granted on that basis alone.

22         Additionally, Plaintiff's claim is wholly deficient, if not nonsensical. Under the theory of

23   unjust enrichment, "one who acquires a benefit which may not justly be retained [is required] to

24   return either the thing or its equivalent to the aggrieved party so as not to be unjustly enriched."

25   *Otworth v. S. Pac. Transp. Co.*, 166 Cal. App. 3d 452, 460 (1985). Unjust enrichment is

26   inapplicable where a defendant has merely obtained that to which it was entitled pursuant to a

27   contract between the parties. *See, e.g.*, *Jones v. Wells Fargo Bank*, 112 Cal. App. 4th 1527, 1541

28   (2003) (holding that where plaintiff alleged no facts to show unjust enrichment except for a note and

Case No. 3:14-CV-00215-MMC     – 12 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   forbearance agreement between the parties, defendants would not be unjustly enriched "by receiving

2   contingent interest to which they are ***legally entitled***") (emph. added).

3       Here, Plaintiff fails to allege how or why Defendants are not legally entitled to the amounts

4   owed.  To the extent Plaintiff relies on his erroneous belief that BANA is not a valid beneficiary

5   under the Deed of Trust, the publically recorded documents contradict his claims.  *See* Section IV.A,

6   *supra*; *see also* RJN, Ex. B.  MERS properly executed an Assignment, granting all beneficial interest

7   under the Deed of Trust to BACHLS.  *See* RJN, Exh. B.  BANA, as successor by merger to

8   BACHLS, the assigned beneficiary under the Deed of Trust, is without question entitled to loan

9   payments and the default amount on a loan that was properly consummated with Plaintiff.

10      Although Plaintiff alleges that "[t]here exists no express contract between Plaintiff and

11  Defendants governing the collection of mortgage," Plaintiff's entire Complaint is based on the

12  existence of the Deed of Trust on which *Plaintiff* was given $777,000.00.  The Deed of Trust

13  specifically states "Borrower shall pay when due the principal of, and interest on, the debt evidenced

14  by the Note…"  RJN, Exh. A, p.4.  Again, Plaintiff does not deny defaulting on his mortgage

15  payments, nor does he deny receiving the loan funds as identified under the Deed of Trust.  *Id.*

16  Accordingly, Plaintiff does not—and cannot—state a claim for unjust enrichment

17  **E.    Plaintiff Does Not Allege The Need For An Accounting**

18      In his sixth cause of action, Plaintiff alleges that "an accounting is necessary to determine the

19  sums owed to Plaintiff by each of the Defendants."  Compl., ¶ 70.  However, Plaintiff's claims fail

20  because he does not specifically allege any sum owed to him.

21      Under California law, an accounting is an equitable remedy.  *Batt v. City & Council of San*

22  *Francisco*, 155 Cal. App. 4th 65, 82 (2007).  It is dependent on a substantive basis for liability.

23  *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3 (2000).  "[A] cause of action

24  for an accounting requires a showing that a relationship exists between the plaintiff and defendant

25  that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by

26  an accounting."  *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009).

27      Here, the alleged facts do not support the need for an accounting.  Plaintiff's claim fails for

28  two reasons.  First, Plaintiff has not alleged a balance is due to him.  Plaintiff vaguely alleges that

Case No. 3:14-CV-00215-MMC          – 13 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

"Defendants…owe Plaintiff money," but Plaintiff does not allege that any *specific* amount is due to him in particular.  Compl., ¶ 68.  Second, Defendants owe Plaintiffs no fiduciary duty, and the payments were not complicated.  As a general rule, "[t]he relationship between a lending institution and its borrower-client **is not** fiduciary in nature."  *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093, n.1 (1991); *Oaks Mgmt. Corp. v. Superior Court*, 145 Cal. App. 4th 453, 466 (2007).  The same holds true for Plaintiff's loan servicer.  *See Shepherd v. Am. Home Mortg. Servs., Inc.*, 2009 WL 4505925, at *2 (E.D. Cal. 2009).

Additionally, payments are governed by the terms of Plaintiff's own note and Deed of Trust, which he admits he executed. *See* Compl., ¶ 14.  Plaintiff claims that an accounting is necessary because there may be "sums owed to Plaintiff," and Defendants received money "to which they were not entitled."  Compl. ¶ 70.  To the contrary, an accounting is not necessary, as no balance is owed to Plaintiff.  Instead, it is Plaintiff that owes Defendants arrears under the Deed of Trust.  *See* RJN, Ex. A.  As the cases above make clear, an accounting is only appropriate where a plaintiff seeks damages but lacks all information necessary to arrive at a damages calculation.  This is not such a case.  Plaintiff, as the borrower and signatory to the mortgage loan, had all the information he needed about the payment terms and any and all amounts that he has paid.  MERS' proper Assignment of the Deed of Trust does not change Plaintiff's obligations under the mortgage loan.  As such, Plaintiff's cause of action for an accounting fails as a matter of law.

**F.      Plaintiff Fails To State A Claim For Violation Of Business And Professions Code Section 17200 *et seq*.**

In his fourth cause of action for violation of Business and Professions Code section 17200 *et seq*. ("UCL"), Plaintiff contends that Defendants "have engaged and are engaged in deceptive business practices…by [e]xecuting false and misleading documents, including the fabrication of the April 2011 Assignment of Deed of Trust by MERS, BANA and BNYM."  Compl., ¶ 56.  However, Plaintiff lacks standing to assert a UCL claim and fails to allege any prohibited conduct by Defendants.[5]

---

[5] Plaintiff appears to be utilizing a cut and paste complaint. Throughout his cause of action for violation of the UCL, he refers to "Defendant CHASE."  *See* Compl., ¶ 56, 58.  However, "Chase" is not a party to this action.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1.      **Plaintiff Lacks Standing To Assert A UCL Claim**

To have standing to pursue a claim under the UCL, private plaintiffs must allege they have "suffered *injury in fact and have lost money or property*" as a result of the alleged unfair practices by Defendants.  Bus. & Prof. Code §17204; *see R&B Auto Ctr., Inc. v. Farmers Group, Inc.*, 140 Cal. App. 4th 327, 360 (2006).  Here, Plaintiff alleges he has "suffered injury in fact, including but not limited to, the imminent loss of his home, severe emotional distress, [and] damage to his creditworthiness…"  Compl., ¶ 58.  However, Plaintiff does not allege facts indicating he has lost either money or property *as a result* of Defendants' conduct in allegedly executing a "false" Assignment of Deed of Trust.   Furthermore, Plaintiffs do no allege that the Property has been sold.  Regardless, any *potential* loss of the Property would be a direct result of Plaintiff's default and not the conduct of Defendants.

2.      **Plaintiff Does Not Allege Any Wrongful Conduct By Defendants**

Additionally, Plaintiff's UCL claim fails because he does not assert facts showing that Defendants engaged in any wrongful conduct.  The UCL requires a violation of the underlying law.  "In effect, the UCL borrows violations of other laws … and makes those unlawful practices actionable under the UCL." *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999).  Under the "**unlawful**" prong, the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law.  *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000).  Under a "**fraud**" theory, a plaintiff must show that "members of the public are likely to be 'deceived'" by the defendant's practices.  *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009).  "**Unfair**" conduct in UCL actions must be violative of a public policy "tethered to specific constitutional, statutory, or regulatory provisions." *Scripps Clinic v. Super. Ct.*, 108 Cal. App. 4th 917, 940 (2003).  "A plaintiff alleging unfair business practices [under the UCL] must state with **reasonable particularity** the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal.*, 14 Cal. App. 4th 612, 617 (1993) (emph. added).

Here, Plaintiff cannot establish the "unlawful" prong of the UCL because, as discussed above, he fails to state a viable cause of action against Defendants.  Plaintiff is unable to tether his UCL claim to any underlying violation.  Indeed, as discussed above, MERS, as the beneficiary under

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

the Deed of Trust, had authority to execute an assignment to BACHLS pursuant to California Civil Code section 2924.  *See* Section IV.A, *supra*.  Plaintiff's unsubstantiated argument that his loan was purportedly securitized when it was allegedly sold to an Alternative Loan Trust in 2005, prior to MERS' 2011 Assignment, finds no basis in law or fact.  *See* Section IV.A.4.  Similarly, as discussed above, Plaintiff fails to allege how BANA violated California Civil Code section 2934a.(a)(1)(A) when it executed the Substitution of Trustee.  *See* Section IV.C, *supra*.

　　　In a desperate attempt to establish a UCL violation, Plaintiff, without providing any factual basis, rattles off a list of statutes he contends Defendants violated.  Plaintiff alleges that Defendants "fail[ed] to disclose the principal for which documents were being executed in violation of California Civil Code § 1095."  Compl., ¶ 56.  California Civil Code § 1095 provides: "When an attorney in fact executes an instrument transferring an estate in real property, he must subscribe the name of his principal to it, and his own name as attorney in fact."  Plaintiff entirely fails to allege facts showing how Defendants violated this provision.  Likewise, Plaintiff alleges that Defendants committed a "felony" under California Penal Code section 115 when they recorded the foreclosure documents.  Compl., ¶ 56.  However, Plaintiff has no standing to allege a violation of the penal code and does not allege that Defendants have been charged with such an offense by the appropriate authorities.  *See* Penal Code Section 684 (a criminal action is prosecuted in the name of the people of the state of California, and is not brought by a private actor); *see also Wallace v. Mortg. Elec. Registration Sys.*, No. 11–8039, 2012 WL 94485, at *3 (C.D.Cal. 2012) ("Plaintiff cannot assert claims pursuant to California Penal Code § § 115 and 111.5 because these Penal Code sections do not provide for private rights of action.").   Lastly, Plaintiff alleges that Defendants violated California Civil Code sections 1709 and 1710, but fails to provide factual basis to support this claim.  Compl., ¶ 56.

　　　Finally, Plaintiff fails to assert any facts demonstrating that "members of the public" are likely to be deceived, given that Plaintiff's allegations exclusively pertain to his personal and private loan.  Plaintiff also fails to allege facts under the unfair prong to indicate that Defendants' actions violated public policy or were "tethered to specific constitutional, statutory, or regulatory provisions," as they fail to show Defendants violated any non-judicial foreclosure statutes.  Since

1   Plaintiff's other causes of action fail as a matter of law, his UCL claim must also fail.

2                              **V.      CONCLUSION**

3         Plaintiff's Complaint fails to state a single cause of action against Defendants.  Thus, the

4   Court should grant Defendant's Motion to Dismiss in its entirety without leave to amend.  To the

5   extent any *lis pendens* is recorded against the subject property commonly known as 1127 Donahue

6   Drive, Pleasanton, Alameda County, California 94566 Defendants respectfully request that it be

7   expunged.

8         DATED:  February 6, 2014

9                                             REED SMITH LLP

10

11                                      By: */s/ Shaudee Navid*
                                             Shaudee Navid
12                                           Attorneys for Defendants
                                             Bank of America, N.A.; Mortgage Electronic
13                                           Registration Systems, Inc.; and The Bank of New
                                             York Mellon f/k/a The Bank of New York as
14                                           Trustee for the Alternative Loan Trust 2005-72,
                                             Mortgage Pass-Through Certificates, Series 2005-
15                                           72

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware