IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICK NATIVIDAD,

    Plaintiff,

    v.

BANK OF AMERICA, N.A., et al.,

    Defendants.

No. C 14-0215 MMC

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE**

Before the Court is defendants' motion, filed February 6, 2014, to dismiss plaintiff's Verified Complaint ("Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby rules as follows.[1]

## BACKGROUND[2]

On or about April 25, 2005, plaintiff obtained a $777,000 loan from Countrywide Bank ("Countrywide"). (See Compl. Ex. A (Deed of Trust).) The loan was secured by a

---

[1] By order filed March 12, 2014, the Court deemed the matter suitable for decision on the parties' written submissions and vacated the hearing noticed for March 14, 2014.

[2] The following facts are taken from the Complaint and, for purposes of the instant motion, are taken as true. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

Deed of Trust on real property located in Pleasanton, California.  (See id.)  The Deed of Trust names Countrywide as the lender, CTC Real Estate as the Trustee, and defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary.  (See id.)  Plaintiff alleges that on or before November 30, 2005, the loan was sold to a mortgage-backed security identified as the CWALT 2005-72 Trust, pursuant to a Pooling and Servicing Agreement ("PSA") dated October 25, 2005; defendant Bank of New York Mellon ("BNYM") serves as trustee of the CWALT 2005-72 Trust.  (Compl. ¶ 16-17.)  Plaintiff alleges that, under the terms of the PSA and New York trust law, the securitization of the loan "failed"; in particular, plaintiff alleges, "the conveyance was ineffective because the participants in the securitization failed to follow the prescribed chain of title protocol mandated by the governing Pooling and Servicing Agreement."  (See id. ¶¶ 4, 32.)

On April 8, 2011, MERS executed an Assignment of Deed of Trust, by which it conveyed all beneficial interest under the Deed of Trust to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP ("BACHLS").  (See Compl. Ex. C.)  Thereafter, on November 15, 2011, defendant Bank of America, N.A. ("BANA"), as successor by merger to BACHLS, executed a Substitution of Trustee, naming ReconTrust Company, N.A. ("ReconTrust") as the new Trustee.  (See Compl. Ex. D.)

On November 15, 2011, ReconTrust, acting as an agent for BANA, executed a Notice of Default (see Compl. Ex. E), and, on February 28, 2012 and December 24, 2013, respectively, recorded a first and second Notice of Trustee's Sale (see Compl. Ex. F-G).

On January 14, 2014, plaintiff filed the instant lawsuit, in which he asserts the following six causes of action: (1) "Wrongful Foreclosure"; (2) "Quiet Title"; (3) "Violation of Cal. Civ. Code section 2934a(1)(A)"; (4) "Violation of Business and Professions Code, § 17200 et seq."; (5) "Unjust Enrichment"; and (6) "Accounting."  Plaintiff seeks, inter alia, an order enjoining all defendants from initiating and pursuing foreclosure.

## DISCUSSION

Each of plaintiff's causes of action is based on the theory that "none of the named

1  defendants to this law suit is [the] real party in interest with standing . . . to enforce
2  [p]laintiff's mortgage loan or to collect mortgage payments from him" (Compl. ¶ 34),
3  because, according to plaintiff, (1) Countrywide and MERS lost any interest in the loan
4  based on their attempt to securitize it (see id. ¶ 3) and (2) BNYM never obtained any
5  interest in the loan because the sales constituting the subject securitization "were made
6  without [a] required intervening assignment of [p]laintiff's Deed of Trust and endorsement of
7  the Note" (see id. ¶¶ 4, 22).  Defendants move to dismiss on the ground, inter alia, that
8  plaintiff's theory is not cognizable.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696,
9  699 (9th Cir. 1990) (holding dismissal under Rule 12(b)(6) can be based on lack of
10 cognizable legal theory).  As set forth below, the Court agrees.

   Although neither the California Supreme Court nor the Ninth Circuit has ruled on
whether a mortgagor such as plaintiff may preclude foreclosure based on a challenge to the
securitization process, the California Court of Appeal has held that a mortgagor, "as an
unrelated third party to [the] alleged securitization, and any other subsequent transfers of
the beneficial interest under the promissory note," lacks standing to do so, see Jenkins v.
JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 515 (2013),[3] and the district courts in
this district that have considered the matter have uniformly adopted the reasoning set forth
therein, see, e.g., Gieseke v Bank of America, N.A., 2014 WL 718436, at *3-4 (N.D. Cal.
Feb. 23, 2014) (granting motion to dismiss where claims were based on defendants'
alleged failure to comply with pooling and servicing agreement); Zapata v. Wells Fargo
Bank, N.A., 2013 WL 6491377, at *2 (N.D. Cal. Dec. 10, 2013) (collecting cases).

   This Court likewise finds the reasoning in Jenkins persuasive.  As the court of
appeal explained, the "relevant parties" to an "asserted improper securitization [] or any
other invalid assignments or transfers of the promissory note" are "the holders (transferors)

---

[3] Although a single California appellate decision, Glaski v. Bank of America, N.A., 218 Cal. App. 4th 1079 (2013), holds to the contrary, the Court, for the reasons set forth in detail in Banares v. Wells Fargo Bank, N.A., 2014 WL 985532, *3-5 (N.D. Cal. Mar. 7, 2014), finds the reasoning therein unpersuasive.

3

of the promissory note and the third party acquirers (transferees) of the note," and, as to the mortgagor, "an assignment merely substitute[s] one creditor for another, without changing [his/her] obligations under the note." See Jenkins, 216 Cal. App. 4th at 514-15 (internal quotation and citation omitted).

Accordingly, the Complaint is hereby DISMISSED with leave to amend.

In any amended complaint, plaintiff may amend his existing causes of action to set forth specific and plausible grounds therefor, but may not base such causes of action on flaws in the securitization process or defendants' purported failure to comply with any agreements pertaining thereto, nor may plaintiff add any new federal or state law claims, or add any new defendant, without first obtaining leave of court. See Fed. R. Civ. P. 15(a)(2).

Plaintiff's amended complaint, if any, shall be filed no later than June 20, 2014.

In light of the dismissal, the Case Management Conference currently set for May 30, 2014 is hereby CONTINUED to August 1, 2014.

**IT IS SO ORDERED.**

Dated: May 28, 2014

MAXINE M. CHESNEY
United States District Judge